COMMONWEALTH *vs.* ANTHONY PICARIELLO. No. 95-P-801. February 6, 1996. *Abuse Prevention. Evidence,* Prior misconduct, Relevancy and materiality, Credibility of witness. *Witness,* Credibility.

The defendant appeals from his conviction of violating a protective order issued under G. L. c. 209A. He argues that highly prejudicial, irrelevant evidence was erroneously admitted. We vacate his conviction.

The preliminary restraining order dated May 4, 1994, ordered the defendant not to abuse his mother, and to leave and stay away from his mother's residence. After a hearing fourteen days later, the judge added an order which required the defendant not to contact his mother, and to stay at least fifty yards away from her.

---

The complaint in this case alleged that the defendant failed to comply with the court order to refrain from abusing his mother and from contacting his mother, and the issue to be decided was whether the Commonwealth had carried its burden of proving beyond a reasonable doubt that the defendant either abused his mother or appeared at her home.

At the trial, the judge, over the objection of the defendant, allowed the prosecutor to explore the events that provided the basis for the issuance of the 209A order. Those events were highly inflammatory. The defendant's mother described in detail the defendant's abuse of her. Those events need not be recounted; they would offend any reasonable juror.

The defendant's mother testified that on June 24, 1994, the defendant appeared at her house, knocked on the back door, and demanded that she drop the restraining order and give him money. The defendant left when his mother called the Revere police department and reported that the defendant had violated the court order. She provided a description of the defendant, and later that day the defendant was arrested.

The defendant testified that on the day and time at issue, he was visiting his brother's grave at the Wood Lawn Cemetery.

It is not at all clear that evidence of the defendant's conduct that provided the evidentiary basis for the 209A order is admissible on the issue of whether the defendant's conduct following the issuance of the order was in violation of that order. The Commonwealth relies on *Commonwealth* v. *Gordon*, 407 Mass. 340, 350 (1990), and *Commonwealth* v. *Robicheau*, 421 Mass. 176, 181-182 (1995). In both cases evidence of the prior conduct of the defendant was admitted, but in neither case was it the conduct that preceded and gave rise to the court order. Both cases are inapposite.

Assuming, arguendo, that the evidence of the conduct that preceded the order was relevant to the issue of the later abusive conduct, and was not otherwise inadmissible, still, the evidence should not have been admitted because its prejudicial effect far exceeded its probative value. See *Commonwealth* v. *Helfant*, 398 Mass. 214, 225 (1986) (where relevance of evidence is only borderline, the evidence must be excluded "unless its probative value on the issue in contention outweighs the undue prejudice that may flow from it").

As to the latter point (probative value), the live issue at the trial was not whether the defendant's appearance at his mother's house was sufficient to constitute abuse,[1] but whether his appearance occurred at all. It was the credibility of the defendant that was at stake. Was he at the cemetery when he said he was, or was he at his mother's back door demanding money and a withdrawal of charges? If the jury believed that he appeared at his mother's back door, the defendant concedes, as he must, that that would be sufficient to constitute a violation of the 209A order, but if they believed that the defendant was visiting his brother's grave, then the issue of abuse becomes moot. In either event, whether the defendant's appearance constituted abuse was not necessary to the jury's verdict.

---

[1] In his opening statement to the jury, the prosecutor said, "During this spring, there were some incidents *that don't concern this case*, but nevertheless she came to the court for the protection of the court to get a restraining order" (emphasis added).

In that context, evidence of the defendant's outrageous conduct immediately prior to the order can only have been designed to tip the credibility scale against the defendant, and there can be little doubt that it did. Evidence of the defendant's conduct before the 209A order unfairly and unnecessarily prejudiced the defendant's defense without contributing anything of substance toward the resolution of the central issue in the case — whether the defendant appeared at his mother's house on June 24, 1994, as alleged. We conclude that there was "palpable error." *Commonwealth* v. *Brousseau,* 421 Mass. 647 (1996).

The judgment is reversed and the finding is set aside.

*So ordered.*

*Richard J. Fallon* for the defendant.
*Stephen D. Fuller,* Assistant District Attorney, for the Commonwealth.