Following a jury trial in the District Court, the defendant, Luis Valdes, was convicted of violating an abuse prevention order, threatening to commit a crime, and intimidation of a witness. The defendant appeals claiming that the judge erred in allowing prior bad act evidence and hearsay testimony. We affirm.
Background. The jury could have found the following facts. The defendant and the victim, whom we shall call Pamela, had a romantic relationship between 2003 and 2008, from which a child was born. By 2014, the defendant had moved to Florida but came back to Massachusetts to visit family. On May 5, 2014, Pamela obtained a G. L. c. 209A restraining order (209A order) against the defendant. Four days later, on May 9, 2014, the defendant called the victim from a restricted telephone number and threatened to kill her. He told her if she extended the restraining order, "[she] wouldn't make it through the front door ... [and] would be bodied and thrown in the Merrimack River." Pamela telephoned the police the next day to report the incident.
Discussion. 1. Admission of prior bad acts. Prior to trial, the defendant filed a motion in limine to exclude all prior bad act evidence. After a voir dire hearing, during which Pamela testified, the judge allowed the motion as to an alleged rape of the victim, but otherwise denied the motion. Pamela testified that: (1) the defendant verbally and physically abused her between 2004 and 2008; (2) the defendant repeatedly threatened to kill her and throw her in the Merrimack River; (3) she obtained a 209A order in 2009 and another in 2012; (4) the defendant violated both 209A orders by telephoning Pamela from a restricted telephone number and threatening to kill her; (5) the defendant jumped into her automobile and choked her in front of their daughter; and (6) the defendant telephoned her multiple times in 2014 and threatened her safety. The defendant argues that this evidence was more prejudicial than probative and had not been previously disclosed.
The prosecution "may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose" such as to show a pattern of conduct, intent, and the relationship between a defendant and a victim, Commonwealth v. Helfant, 398 Mass. 214, 224 (1986), and cases cited, and if the probative value outweighs the risk of unfair prejudice. See Commonwealth v. Foxworth, 473 Mass. 149, 160 (2015). "[W]e afford trial judges great latitude and discretion" and "we uphold a judge's decision in this area unless it is palpably wrong." Commonwealth v. Sicari, 434 Mass. 732, 752 (2001).
We discern no error. The evidence was admitted to show the hostile nature of the defendant's relationship with Pamela, his motive or intent to commit the charged crimes, and Pamela's state of mind when she received the defendant's threatening telephone call. See Commonwealth v. Gil, 393 Mass. 204, 215-216 (1984) ; Commonwealth v. Bianchi, 435 Mass. 316, 322 (2001) ; Mass. G. Evid. § 404(b) (2015). Indeed, the increasingly violent nature of their relationship, his continued threats to kill Pamela and throw her body in the Merrimack River, and previous violations of the two 209A orders were probative of the defendant's state of mind and relevant to rebut his claim that this incident was a recent contrivance by Pamela to prevent the defendant from getting visitation with their daughter.[2] See Commonwealth v. Butler, 445 Mass. 568, 575 (2005) ("The two protective orders demonstrated that the defendant and [the victim] had, at different times, a continuous hostile relationship and had been 'sufficiently estranged' "). Additionally, any possible prejudice was diminished by the judge's forceful instructions to the jury, on multiple occasions, of the limited purpose of the testimony.[3] See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 576. Finally, nothing in the record indicates that the defendant specifically requested and the Commonwealth failed to provide prior bad act evidence. See Commonwealth v. Miozza, 67 Mass. App. Ct. 567, 574 (2006) (defendant needs to expressly request specific evidence). The defendant requested statements of witnesses in the pretrial conference report, but there is no indication in the record that the Commonwealth had possession of any witness statements not disclosed prior to trial.
2. Hearsay testimony. The defendant next claims that the judge erred in allowing Officer Stephen Beland to testify that Pamela told him that the defendant telephoned her, threatened to kill her, and ordered her not to go to court to extend the 209A order. The defendant contends that this hearsay statement was offered for its truth and therefore was inadmissible. The Commonwealth counters that the statement was offered for a proper, nonhearsay purpose. We agree with the Commonwealth as the defendant opened the door to this testimony when he cross-examined Pamela as he sought to impeach her by implying that her report to the police was inconsistent with her trial testimony. Furthermore, the defendant argued that Pamela's testimony was a recent contrivance in order to gain an advantage in an ongoing custody dispute.[4] While a prior consistent statement of a witness is not admissible, "if a witness is impeached on cross-examination by a claim of recent contrivance or inducement, a statement that [she] made before [she] had an incentive to fabricate [her] testimony may be admitted." Commonwealth v. Barbosa, 457 Mass. 773, 797 (2010). Accordingly, it was not an abuse of discretion to admit Beland's testimony. See id at 797-798.
Judgments affirmed.

The defendant cites to Commonwealth v. Picariello, 40 Mass. App. Ct. 902 (1996), to support his claim that the prior conduct was too remote in time and not relevant. Picariello does not apply as the evidence of prior abuse in that case was admitted to undermine the credibility of the defendant's alibi. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 903. We also reject the defendant's contention that the evidence was too remote, as it is not about when the prior incident occurred, but rather the "logical relationship" between the crime charged and the prior incident. Commonwealth v. Facella, 478 Mass. 393, 405 (2017).

The defendant's claim that the limiting instructions at multiple junctures of Pamela's testimony is indicative of the unfairly prejudicial nature of the testimony is misplaced. The trial judge "has discretion as to the time of [limiting] instructions," Commonwealth v. Carter, 475 Mass. 512, 526 (2016), and we presume that the jury followed the judge's instructions. See Commonwealth v. Helfant, 398 Mass. at 228.

Notably, visitation issues did not arise until 2015, after the defendant's arrest.